# United States District Court
# Central District of California

| | |
|---|---|
| ISRAEL GONZALEZ GALLEGOS<br><br>Plaintiff,<br><br>v.<br><br>SHAMROCK FOODS CO. et al.,<br><br>Defendants. | Case № 5:19-cv-01045-ODW (KKx)<br><br>**ORDER GRANTING MOTION TO REMAND [18]; and DENYING MOTION TO DISMISS AS MOOT [11]** |

## I.    INTRODUCTION

On May 2, 2019, Plaintiff Israel Gonzalez Gallegos ("Gallegos") filed this action in the Superior Court of California, County of Riverside.  (Notice of Removal ("Notice") ¶ 1, Ex. A ("Compl."), ECF No. 1.)  Defendants Shamrock Foods Co. ("Shamrock") and Randy Brown ("Brown") (collectively, "Defendants") removed the matter based on alleged diversity jurisdiction.  (*See* Notice ¶ 6.)  Gallegos moves to remand.  (Mot. to Remand ("Mot."), ECF No. 18.)  The Court finds that it lacks subject matter jurisdiction and consequently **REMANDS** the case to state court.[1]

---

[1] After considering the papers filed in connection with the Motion to Remand, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.  BACKGROUND

After receiving his right to sue letter[2] from the California Department of Fair Employment and Housing ("CDFEH"), Gallegos filed suit against Shamrock and Brown for workplace discrimination and harassment based on his disability pursuant to the California Fair Housing and Employment Act ("FEHA").  (Compl. ¶¶ 11–12.) On or around April 15, 2017, Gallegos suffered an injury and was placed on work restrictions.  (Compl. ¶ 7.)  Gallegos alleges that, despite the restrictions, Randy Brown, Gallegos's supervisor, required Gallegos to work eight-hour days and cover his normal job duties, pressured him to remove his work restrictions, and caused him to miss his doctor's appointments.  (Compl. ¶¶ 7, 8.)  In mid-May, Gallegos requested a day off to recover from his medical condition and was terminated the next day. (Compl. ¶¶ 9, 10.)  As a result of the job loss, Gallegos suffers from emotional stress and economic hardship.  (Compl. ¶ 11.)

## III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000.  *Id.* §§ 1331, 1332(a).

---

[2] Gallegos requests the Court judicially notice his Complaint and attached exhibits.  (Pl.'s Req. for Judicial Notice, ECF No. 18-3.)  As the Court may take judicial notice of pleadings in this matter, the Court **GRANTS** the request.  *See Molus v. Swan*, No. 05cv452–MMA (WMc), 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) ("Courts also may take judicial notice of their own records," citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir.1986)); *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F.Supp.3d 932, 943–44 (C.D. Cal. 2014) (taking judicial notice of the operative complaint in the action before the court).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## IV. DISCUSSION

Defendants invoke diversity as the basis of the Court's subject matter jurisdiction. (Notice ¶¶ 6, 27.) The Supreme Court "ha[s] consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Here, though Shamrock is an Arizona corporation, both Gallegos and Defendant Brown are California residents. (Mot. 7; Notice ¶¶ 9–11.) Thus, complete diversity is destroyed. However, Defendants argue that the Court should disregard Brown's citizenship because Defendants contend Brown was fraudulently joined to the Complaint. (Notice ¶ 13.)

"An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a 'sham' non-diverse defendant." *Sanchez v. Lane Bryant, Inc.*, 123 F. Supp. 3d 1238, 1241 (C.D. Cal. 2015). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) ("[A] non-diverse defendant is deemed a sham defendant if . . . the plaintiff could not possibly recover against the party whose joinder is questioned."). There is a general presumption against fraudulent joinder and thus "[f]raudulent joinder must be proven

by clear and convincing evidence." *Hamilton Materials*, 494 F.3d at 1206.

Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 550 (9th Cir. 2018). The standard for establishing fraudulent joinder is more exacting than for dismissal for failure to state a claim. *Id.* at 549. If there is any "*possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Courts should decline to find fraudulent joinder where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Id.* at 549–50.

Gallegos asserts only one claim against Brown for violation of FEHA, specifically for harassment. (Compl. ¶¶ 25–30.) "Although the FEHA prohibits harassment as well as discrimination, it treats them differently." *Reno v. Baird*, 18 Cal. 4th 640, 644 (1998). Under FEHA, both the employer and the supervisor can be held liable for harassment, but only the employer can be held liable for discrimination. *Id.* at 644–45. This distinction is drawn because harassment is a type of conduct not necessary to performance of a supervisor's job, whereas personnel-management decisions—which could be later considered discriminatory—will be. *Id.* at 645–46. Hence, a supervisor faces personal liability only for conduct "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* at 646; *see also Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013)

Courts in this District have found that aggrieved employees have sufficiently plead, or could sufficiently plead after amendment, a superior's conduct was actionable as harassment. *See e.g. Ybarra v. Universal City Studios, LLC*, No. CV 13-4976 PSG (AJWx), 2013 WL 5522009, at *5–6 (C.D. Cal. Oct. 2, 2013) (finding

conduct likely states claim for a harassment where plaintiff was passed over for positions, wrongfully terminated, and singled out for negative treatment at near-weekly meetings); *Gonzalez v. J.S. Paluch Co.*, No. CV 12-08696 DDP (FMOx), 2013 WL 100210, at *6 (C.D. Cal. Jan. 7, 2013) (finding that conduct likely states a claim for harassment where the supervisor confined plaintiff to two low quality sales territories and refused to communicate with him); *Suarez v. Am. Airlines, Inc.*, No. CV 09-03392 CAS (AJWx), 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009) (stating "[i]t cannot be said as a matter of law that this alleged conduct was not 'outside the scope of necessary job performance" where the supervisor repeatedly denied plaintiff the opportunity to return to work); *Benton v. New Albertson's, Inc.*, No. CV 08-3365 CAS (AJWx), 2008 WL 11340296, at *3 (C.D. Cal. July 24, 2008) (finding a single allegation of a sign in the workplace stating, "'nobody can authorize Debbie to switch shifts because she is free labor,' which, according to plaintiff, was a malicious act that caused her to feel humiliated" could support a valid claim for harassment).

Defendants have not met their burden to prove fraudulent joinder by clear and convincing evidence. Gallegos alleges that Brown required Gallegos to work eight-hour days despite his injuries and cover his normal job duties, pressured him to remove his work restrictions and caused him to miss his doctor's appointments. A jury could find that Brown exceeded the "scope of necessary job performance" in repeatedly pushing Gallegos to complete tasks he was unfit to do and find Brown's conduct rises to the level of harassment. Thus, a possibility exists that a state court would find that Gallegos states a viable cause of action against Brown.

Despite this, Defendants argue that Gallegos's allegations are insufficient. (Opp'n to Mot to Remand 7, ECF No. 20.) They argue that, given the information available in the pleadings, motion papers, and Gallegos's deposition testimony in a related workers' compensation matter, Gallegos could not possibly cure this deficiency with amendment. (Opp'n 7.) The Court disagrees. Gallegos's deposition

testimony[3] regarding necessary accommodations does not preclude his claim that Brown's conduct amounts to harassment. Furthermore, Gallegos could amend his Complaint to add factual allegations concerning Brown's conduct which would bolster the harassment claim. *See Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("If there is '*any possibility* that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' *or in a future amended complaint*, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'") (emphasis added) (quoting *Hunter*, 582 F.3d at 1044); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM (FMOx), 2013 WL 815975, at *4–5 (C.D. Cal. Mar. 5, 2013), ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Defendants fail to show by clear and convincing evidence that no possibility exists that a state court could find the complaint or a future amended complaint states a claim against Brown. As such, the Court cannot find that joinder of Brown was fraudulent. Accordingly, remand is necessary.

---

[3] Defendants request judicial notice of excerpts from Gallegos's deposition testimony. (Defs.' Req. for Judicial Notice, ECF No. 22.) As the transcript does not contain the type of facts that are generally judicially noticeable, the Court only **GRANTS** judicial notice to the existence of the related proceeding. *See* Fed. R. Evid. 201(b); *see U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

### V.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand.  (ECF No. 18.)  The Court **REMANDS** the action to the Superior Court of the State of California, County of Riverside, 4050 Main Street, Riverside, CA 92501.

The Court **DENIES AS MOOT** Defendants' Motion to Dismiss.  (ECF No. 11.)  The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 12, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**